# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ORIGINAL FILED
Superior Court of California
County of ~~Los Angeles~~

MAY 0 1 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By _____, Deputy
Steven Drew

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CLAIRE'S BOUTIQUES, INC., a Colorado corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHERICE DUNCAN, individually, and on behalf of other members of the general public similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse  111 N. Hill Street, Los Angeles, CA 90012 | 20STCV15355 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bevin Allen Pike, Capstone Law, APC, 1875 Century Park East, Suite 1000, Los Angele, CA 90067 - Tel. (310) 556-4811

| DATE: MAY 0 1 2020 *(Fecha)* | Sherri R. Carter, Clerk *(Secretario)* | Clerk, by  STEVEN DREW *(Clerk, by)* | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Claire's Boutique, Inc. a Colorado corporation

   under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date)* 5/13/20

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Bevin Allen Pike (SBN: 221936); Orlando Villalba (SBN: 232165);<br>Capstone Law, APC          Joseph Hakakian (SBN: 323011)<br>1875 Century Park East, Suite 1000<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 556-4811     FAX NO.: (310) 943-0396<br>ATTORNEY FOR *(Name)* Plaintiff - Sherice Duncan | FOR COURT USE ONLY<br>**CONFORMED COPY**<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>APR 21 2020<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By: Isaac Lovo, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME Stanley Mosk Courthouse

CASE NAME: Sherice Duncan vs. Claire's Boutiques, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER 20STCV15355 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (38) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 21, 2020
Bevin Allen Pike                                          ▶ *Bevin Allen Pike*
_____                        _____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

1 | Bevin Allen Pike (SBN 221936)
Bevin.Pike@capstonelawyers.com
2 | Orlando Villalba (SBN 232165)
Orlando.Villalba@capstonelawyers.com
3 | Joseph Hakakian (SBN 323011)
Joseph.Hakakian@capstonelawyers.com
4 | Capstone Law APC
1875 Century Park East, Suite 1000
5 | Los Angeles, California 90067
Telephone:     (310) 556-4811
6 | Facsimile:     (310) 943-0396

7 | Attorneys for Plaintiff Sherice Duncan

8

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 21 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF LOS ANGELES

BY FAX

11

12 | SHERICE DUNCAN, individually, and on behalf of other members of the general public similarly situated,

13

14 | Plaintiff,

15 | vs.

16 | CLAIRE'S BOUTIQUES, INC., a Colorado corporation; and DOES 1 through 10, inclusive,

17

18 | Defendants.

Case No.: **20STCV15355**

**CLASS ACTION COMPLAINT**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198 (Unpaid Minimum Wages);
(3) Violation of California Labor Code §§ 226.7, 512(a), 516, and 1198 (Failure to Provide Meal Periods);
(4) Violation of California Labor Code §§ 226.7, 516, and 1198 (Failure to Authorize and Permit Rest Periods);
(5) Violation of California Labor Code §§ 226(a), 1174(d), and 1198 (Non-Compliant Wage Statements and Failure to Maintain Payroll Records);
(6) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);
(7) Violation of California Labor Code § 204 (Failure to Timely Pay Wages During Employment);
(8) Violation of California Labor Code § 2802 (Unreimbursed Business Expenses);
(9) Violation of California Business & Professions Code §§ 17200, *et seq.* (Unlawful Business Practices); and
(10)   Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Business Practices)

**Jury Trial Demanded**

1    Plaintiff Sherice Duncan, individually and on behalf of all other members of the public

2  similarly situated, alleges as follows:

3                              **JURISDICTION AND VENUE**

4      1.     This class action is brought pursuant to California Code of Civil Procedure

5  section 382. The monetary damages, penalties, and restitution sought by Plaintiff exceed the

6  minimal jurisdiction limits of the Superior Court and will be established according to proof at

7  trial. This Court has jurisdiction over this action pursuant to the California Constitution,

8  Article VI, section 10. The statutes under which this action is brought do not specify any

9  other basis for jurisdiction. Plaintiff's share of damages, penalties, and other relief sought in

10  this action does not exceed $75,000.

11     2.     This Court has jurisdiction over Defendants because Defendants are either

12  citizens of California, have sufficient minimum contacts in California, or otherwise

13  intentionally avail themselves of the California market so as to render the exercise of

14  jurisdiction over them by the California courts consistent with traditional notions of fair play

15  and substantial justice.

16     3.     Venue is proper in this Court because Defendants employ persons in this county,

17  and thus a substantial portion of the transactions and occurrences related to this action occurred

18  in this county.

19     4.     Further, venue is proper in this Court because Defendants are non-California

20  citizens and have their principal place of business in Florida, and because they have not filed a

21  statement with the California Secretary of State designating a county in which they maintain a

22  principal place of business in accordance with California Corporations Code sections 16959

23  and 18200. Cal. Code Civ. P. § 395.2. Thus, Defendants have no right to any particular

24  venue and Plaintiff may file this complaint in any county in California. *See Juneau Spruce*

25  *Corp. v. International Longshoremen's & Warehousemen's Union*, 37 Cal.2d 760, 763-764

26  (1951); *see also, Easton v. Sup.Ct. (Schneider Bros., Inc.)*, 12 Cal. App. 3d 243, 246-247

27  (1970). Cal. Code Civ. P. § 395.5.

28  ///

CLASS ACTION COMPLAINT

**THE PARTIES**

5.    Plaintiff Sherice Duncan is a resident of Elk Grove, in Sacramento County, California.  Defendants employed Plaintiff as an hourly paid, non-exempt Store Manager from approximately October 2019 to January 2020.  Plaintiff worked for Defendants at their retail store in Elk Grove, California (Store #5522).  During her employment, Plaintiff typically worked eight (8) hours or more per day and five (5) to six (6) days per week.  Plaintiff's primary job duties included, without limitation, merchandising the store, communicating the store's daily targets to employees, and ensuring that the store team met sales goals.

6.    CLAIRE'S BOUTIQUES, INC. was and is, upon information and belief, a Colorado corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

7.    Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

8.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 were the partners, agents, owners, or managers of CLAIRE'S BOUTIQUES, INC. at all relevant times.

9.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, CLAIRE'S BOUTIQUES, INC. and/or DOES 1 through 10 (collectively, "Defendants" or "CLAIRE'S"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

10.    At all relevant times, Defendants, and each of them, ratified each and every act

CLASS ACTION COMPLAINT

1   or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

2   and abetted the acts and omissions of each and all the other Defendants in proximately causing

3   the damages herein alleged.

4         11.    Plaintiff is informed and believes, and thereon alleges, that each of said

5   Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

6   omissions, occurrences, and transactions alleged herein.

7                          **GENERAL ALLEGATIONS**

8         12.    Defendants are specialty retailer of jewelry and accessories for young women,

9   teens, tweens, and kids.  Upon information and belief, Defendants maintain a single,

10  centralized Human Resources ("HR") department at their company headquarters in Pembroke

11  Pines, Florida, which is responsible for the recruiting and hiring of new employees, and

12  communicating and implementing Defendants' company-wide policies, including timekeeping

13  policies and meal and rest period policies, to employees throughout California.

14        13.    In particular, Plaintiff and class members, on information and belief, received

15  the same standardized documents and/or written policies.  Upon information and belief, the

16  usage of standardized documents and/or written policies, including new-hire documents,

17  indicate that Defendants dictated policies at the corporate level and implemented them

18  company-wide, regardless of their employees' assigned locations or positions.  Upon

19  information and belief, Defendants set forth uniform policies and procedures in several

20  documents provided at an employee's time of hire.

21        14.    Upon information and belief, Defendants maintain a centralized Payroll

22  department at their company headquarters in Pembroke Pines, Florida, which processes

23  payroll for all non-exempt, hourly paid employees working for Defendants at their various

24  locations and jobsites in California, including Plaintiff and class members.  Based upon

25  information and belief, Defendants issue the same formatted wage statements to all non-

26  exempt, hourly paid employees in California, irrespective of their work locations.  Upon

27  information and belief, Defendants process payroll for departing employees in the same

28  manner throughout the State of California, regardless of the manner in which each employee's

CLASS ACTION COMPLAINT

1    employment ends.

2         15.    Defendants continue to employ non-exempt or hourly paid employees in

3    California.

4         16.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

5    mentioned, Defendants were advised by skilled lawyers and other professionals, employees

6    and advisors knowledgeable about California labor and wage law, employment and personnel

7    practices, and about the requirements of California law.

8         17.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class

9    members were not paid for all hours worked because all hours worked were not recorded.

10        18.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

11   should have known that Plaintiff and class members were entitled to receive certain wages for

12   overtime compensation and that they were not receiving certain wages for overtime

13   compensation.

14        19.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

15   should have known that Plaintiff and class members were entitled to be paid at a regular rate

16   of pay, and corresponding overtime rate of pay, that included as eligible income all

17   remuneration required by law, including but not limited to, all income derived from incentive

18   pay, nondiscretionary bonuses, and/or other forms of compensation.

19        20.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

20   should have known that Plaintiff and class members were entitled to receive at least minimum

21   wages for compensation and that they were not receiving at least minimum wages for work

22   that was required to be done off-the-clock. In violation of the California Labor Code, Plaintiff

23   and class members were not paid at least minimum wages for work done off-the-clock.

24        21.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

25   should have known that Plaintiff and class members were entitled to meal periods in

26   accordance with the Labor Code or payment of one (1) additional hour of pay at their regular

27   rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal

28   periods and that Plaintiff and class members were not provided with all meal periods or

1    payment of one (1) additional hour of pay at their regular rates of pay when they did not

2    receive a timely, uninterrupted, thirty (30) minute meal period.

3        22.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

4    should have known that Plaintiff and class members were entitled to rest periods in

5    accordance with the Labor Code and applicable IWC Wage Order or payment of one (1)

6    additional hour of pay at their regular rates of pay when they were not authorized and

7    permitted to take a compliant rest period.  In violation of the California Labor Code, Plaintiff

8    and class members were not authorized and permitted to take compliant rest periods, nor did

9    Defendants provide Plaintiff and class members with payment of one (1) additional hour of

10   pay at their regular rates of pay when they were not authorized and permitted to take a

11   compliant rest period.

12       23.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

13   should have known that Plaintiff and class members were entitled to receive complete and

14   accurate wage statements in accordance with California law.  In violation of the California

15   Labor Code, Plaintiff and class members were not provided complete and accurate wage

16   statements.

17       24.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

18   should have known that they had a duty to maintain accurate and complete payroll records in

19   accordance with the Labor Code and applicable IWC Wage Order, but willfully, knowingly,

20   and intentionally failed to do so.

21       25.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

22   should have known that Plaintiff and class members were entitled to timely payment of all

23   wages earned upon termination of employment.  In violation of the California Labor Code,

24   Plaintiff and class members did not receive payment of all wages due, including, but not

25   limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within

26   permissible time periods.

27       26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

28   should have known that Plaintiff and class members were entitled to timely payment of wages

1   during their employment.   In violation of the California Labor Code, Plaintiff and class

2   members did not receive payment of all wages, including, but not limited to, overtime wages,

3   minimum wages, and/or meal and rest period premiums, within permissible time periods.

4          27.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

5   should have known that they were not permitted to compel or coerce Plaintiff and class

6   members to patronize their business in the purchase of anything of value, but did in fact

7   require Plaintiff and class members to purchase various items, including jewelry and

8   accessories, from Defendants.

9          28.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

10   should have known that Plaintiff and class members were entitled to receive full

11   reimbursement for all business-related expenses and costs they incurred during the course and

12   scope of their employment and that they did not receive full reimbursement of applicable

13   business-related expenses and costs incurred.

14          29.     Plaintiff is informed and believes, and thereon alleges, that at all times herein

15   mentioned, Defendants knew or should have known that Defendants had a duty to provide

16   Plaintiff and class members with written notice of the material terms of their employment with

17   Defendants as required by the California Wage Theft Prevention Act, but willfully,

18   knowingly, and intentionally failed to do so.

19          30.     Plaintiff is informed and believes, and thereon alleges, that at all times herein

20   mentioned, Defendants knew or should have known that they had a duty to compensate

21   Plaintiff and class members for all hours worked, and that Defendants had the financial ability

22   to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and

23   falsely represented to Plaintiff and class members that they were properly denied wages, all in

24   order to increase Defendants' profits.

25                         **CLASS ACTION ALLEGATIONS**

26          31.     Plaintiff brings this action on her own behalf, as well as on behalf of each and

27   all other persons similarly situated, and thus seeks class certification under California Code of

28   Civil Procedure section 382.

32.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

33.     Plaintiff's proposed class consists of and is defined as follows:

> All persons who worked for Defendants as non-exempt, hourly paid employees in California, at any time from September 22, 2018, until the date of trial ("Class").

34.     Plaintiff's proposed subclass consists of and is defined as follows:

> All persons who worked for Defendants as non-exempt, hourly paid employees in California and who received at least one wage statement within one (1) year prior to the filing of the initial complaint until the date of trial ("Subclass").

35.     Members of the Class and Subclass are referred to herein as "class members."

36.     Plaintiff reserves the right to redefine the Class and Subclass and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

37.     There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

    (a)     Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiff and class members;

    (b)     Whether Defendants failed to properly calculate the "regular rate" of pay on which Plaintiff's and class members' overtime rate of pay was based;

    (c)     Whether Defendants failed to pay Plaintiff and class members at least minimum wages for all hours worked;

    (d)     Whether Defendants failed to provide Plaintiff and class members with meal periods;

    (e)     Whether Defendants failed to authorize and permit Plaintiff and class members to take rest periods;

CLASS ACTION COMPLAINT

(f) Whether Defendants provided Plaintiff and class members with complete and accurate wage statements as required by California Labor Code section 226(a);

(g) Whether Defendants maintained accurate payroll records as required by California Labor Code section 1174(d);

(h) Whether Defendants failed to pay earned overtime wages, minimum wages, and meal and rest period premiums due to Plaintiff and class members upon their discharge;

(i) Whether Defendants failed timely to pay overtime wages, minimum wages, and meal and rest period premiums to Plaintiff and class members during their employment;

(j) Whether Defendants compelled and/or coerced Plaintiff and class members to patronize their business;

(k) Whether Defendants failed to reimburse Plaintiff and class members for necessary and required business-related expenditures and/or losses incurred by them in the scope of their employment;

(l) Whether Defendants failed to provide written notice of information material to Plaintiff's and class members' employment with Defendants;

(m) Whether Defendants engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(n) The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

38. There is a well-defined community of interest in the litigation and the class members are readily ascertainable:

(a) <u>Numerosity</u>:  The class members are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is

1          estimated to be greater than one hundred (100) individuals and the

2          identity of such membership is readily ascertainable by inspection of

3          Defendants' employment records.

4      (b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately

5          protect the interests of each class member with whom she has a well-

6          defined community of interest, and Plaintiff's claims (or defenses, if

7          any) are typical of all class members as demonstrated herein.

8      (c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately

9          protect the interests of each class member with whom she has a well-

10         defined community of interest and typicality of claims, as demonstrated

11         herein.   Plaintiff acknowledges that she has an obligation to make

12         known to the Court any relationship, conflicts or differences with any

13         class member.   Plaintiff's attorneys, the proposed class counsel, are

14         versed in the rules governing class action discovery, certification, and

15         settlement.  Plaintiff has incurred, and throughout the duration of this

16         action, will continue to incur costs and attorneys' fees that have been,

17         are, and will be necessarily expended for the prosecution of this action

18         for the substantial benefit of each class member.

19      (d)    Superiority:  The nature of this action makes the use of class action

20         adjudication superior to other methods.  A class action will achieve

21         economies of time, effort, and expense as compared with separate

22         lawsuits, and will avoid inconsistent outcomes because the same issues

23         can be adjudicated in the same manner and at the same time for the

24         entire class.

25      (e)    Public Policy Considerations:  Employers in the State of California

26         violate employment and labor laws every day.  Current employees are

27         often afraid to assert their rights out of fear of direct or indirect

28         retaliation.  Former employees are fearful of bringing actions because

CLASS ACTION COMPLAINT

they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

**(Against all Defendants)**

39. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

40. Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

41. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

42. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

43. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay. An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the

1   employee, including nondiscretionary bonuses and incentive pay.

2   44.   California Labor Code section 510 codifies the right to overtime compensation

3   at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8)

4   hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the

5   seventh (7th) day of work, and to overtime compensation at twice the employee's regular rate

6   of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours

7   in a day on the seventh (7th) day of work.

8   45.   During the relevant time period, Defendants willfully failed to pay all overtime

9   wages owed to Plaintiff and class members.  During the relevant time period, Plaintiff and

10   class members were not paid overtime premiums for all of the hours they worked in excess of

11   eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40)

12   hours in a week, because all hours worked were not recorded.

13   46.   First, during the relevant time period, Defendants had a policy and/or practice

14   of discouraging and impeding Plaintiff and class members from recording hours worked that

15   were outside of their scheduled shifts in order to limit the amount of overtime employees

16   could accrue.  On information and belief, this limitation on overtime accrual was based on a

17   company-wide policy of staffing store locations strictly based on the labor hours or labor

18   budget set by corporate.  This policy of limiting overtime, coupled with Defendants'

19   understaffing policy, as well as the assignment of strict deadlines and heavy workloads (*see*

20   *infra*), led Plaintiff and class members to work off-the-clock before and after their scheduled

21   shift times in order to complete their assigned tasks.  As a result of this restriction on overtime

22   accrual, Defendants forced Plaintiff and class members to perform work off-the-clock outside

23   of their scheduled shifts, such as unlocking the store and booting up the register prior to

24   clocking in; re-stocking inventory and making sales after clocking out; performing closing

25   shift duties after clocking out, including locking the store, cleaning the store and taking out

26   the trash, completing and reviewing logs, and depositing money from the cash register at the

27   bank; and responding to phone calls and text messages from management on their personal

28   cellular phones.  Defendants failed to track this time spent working before and after scheduled

CLASS ACTION COMPLAINT

1    shifts, and Plaintiff and class members received no or incomplete compensation for this time.

2         47.    Second, Defendants had, and continue to have, a loss prevention policy
3    requiring Plaintiff and class members to undergo security checks at the end of their shifts
4    before leaving the store premises. After clocking out at the end of their shifts, Plaintiff and
5    class members were required to wait off-the-clock for a store Key Holder to become available
6    to perform a security check before they could leave, which could take 2-3 minutes per
7    instance. As a result, Plaintiff and class members were subject to Defendants' control until
8    being released by a store Key Holder performing the security check, but were not
9    compensated for this time.

10        48.    Third, as stated, Defendants had, and continue to have, a company-wide policy
11   and/or practice of staffing their store locations strictly based on a labor budget set by the
12   corporate office. Defendants' use of a labor budget resulted in chronic understaffing, such
13   that there were too few employees on duty to handle the heavy workload, which included
14   sales goals and daily tasks to be completed on a deadline, and provide uninterrupted meal
15   period coverage. In conjunction with understaffing their stores, Defendants had a requirement
16   that a managerial employee, such as a keyholder, be present in the store at all times and
17   prohibited managers from leaving the store premises unless another manager was also on
18   duty, resulting in a lack of meal period coverage for managerial employees. At the same time,
19   the labor budgets Defendants implemented did not always allow for more than one manager to
20   be on the schedule at all times. As a result, Plaintiff and other managerial employees were
21   sometimes the only managers on duty, and were the only employees authorized to open and
22   close the store and grant or access certain permissions in Defendants' point-of-sale system,
23   including processing returns. Because managerial employees were effectively prohibited from
24   leaving Defendants' restaurant premises for meal periods without coverage, and because there
25   were too few employees and other managers on duty to handle the workload and attend to
26   customers, Plaintiff and class members were denied uninterrupted 30-minute meal periods,
27   and were required to work through and/or to return early from meal periods.

28        49.    Furthermore, Defendants had a company-wide practice of failing to adhere to a

schedule of meal periods, which further caused Plaintiff and class members to not be relieved of their duties for compliant meal periods. Moreover, Defendants had a company-wide policy and/or practice of requiring that Plaintiff and class members respond to text messages and calls from supervisors and management on their personal cellular phones, even during unpaid meal periods. Thus, Plaintiff and class members suffered missed and/or interrupted meal periods, work for which they were not paid. Finally, on information and belief, because Defendants frowned upon employees accruing meal period penalties, Defendants pressured Plaintiff and class members to clock out for meal periods and/or adjusted employee time records to reflect compliant meal periods, regardless of whether they had received a compliant meal period or not, in order to strictly limit meal penalties that Defendants would otherwise owe. Consequently, Plaintiff and class members performed work during meal periods for which they were not paid.

50. Defendants knew or should have known that as a result of these company-wide practices and/or policies, Plaintiff and class members were performing assigned duties during their meal periods and performing work off-the-clock before and after their shifts, and were suffered or permitted to perform work for which they were not paid. Because Plaintiff and class members worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay. Therefore, Plaintiff and class members were not paid overtime wages for all of the overtime hours they actually worked.

51. Furthermore, Defendants did not pay Plaintiff and class members the correct overtime rate for the recorded overtime hours that they generated. In addition to an hourly wage, Defendants paid Plaintiff and class members incentive pay, nondiscretionary bonuses, and/or other forms of remuneration. However, in violation of the California Labor Code, Defendants failed to incorporate all compensation, including but not limited to, all incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. Therefore, during times when Plaintiff and class members worked overtime and received these other forms of

CLASS ACTION COMPLAINT

pay, Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

52.     Specifically, Defendants paid Plaintiff and class members nondiscretionary bonuses or incentive pay for reaching certain volume-based goals, such as product sales or ear piercing, on a monthly or quarterly basis. On information and belief, these nondiscretionary bonuses and/or incentive pay were listed on Plaintiff's and class members' wage statements as "Bonus" and "Contst Non Cash." During pay periods that Plaintiff and class members were paid overtime wages, Defendants failed to incorporate the nondiscretionary bonus and/or incentive pay into Plaintiff's and class members' regular rate of pay and, as a result, paid them at incorrect and lower rates of pay for overtime hours worked. Specifically, Defendants paid Plaintiff and class members 1.5 times their hourly rate of pay instead of 1.5 times their regular rate of pay. Defendants' failure to properly calculate the overtime rates of pay based on all remuneration paid has resulted in an underpayment of overtime wages to Plaintiff and class members on a company-wide basis.

53.     Defendants' failure to pay Plaintiff and class members the balance of overtime compensation as required by California law, violates the provisions of California Labor Code sections 510 and 1198. Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

**Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid**

**Minimum Wages**

**(Against all Defendants)**

54.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

55.     At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so

fixed is unlawful.  Compensable work time is defined in Wage Order No. 7 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Cal. Code. Regs. tit. 8, § 11070(2)(G) (defining "Hours Worked").

56.    As stated, as a result of Defendants' policy of limiting the amount of overtime employees could accrue by discouraging and impeding Plaintiff and class members from recording hours worked that were outside of their scheduled shifts, Plaintiff and class members were forced to work off-the-clock before and after their scheduled shift start and end times to complete their assigned job duties.  Furthermore, Plaintiff and class members were required to work off-the-clock undergoing security checks and performing other work-related tasks, such as unlocking the store and booting up the register prior to clocking in; re-stocking inventory and making sales after clocking out; performing closing shift duties after clocking out; and responding to work-related phone calls and text messages on their personal cellular phones.

57.    As also stated, due to Defendants' policy and/or practice of understaffing while assigning heavy workloads and strict deadlines, failure to adhere to a schedule of meal periods, and subsequent lack of meal period coverage, Plaintiff and class members were forced to forego meal periods, have their meal periods interrupted, and/or were otherwise not relieved of all duties during meal periods.  In conjunction with understaffing its stores and failing to adhere to a schedule of meal periods, Defendants had a requirement that a managerial employee be present in the store premises at all times, which exacerbated the lack of meal period coverage.

58.    Defendants did not pay minimum wages for off-the-clock hours that Plaintiff and class members worked through that qualified for overtime premium payment.  To the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.

59.    Defendants' failure to pay Plaintiff and class members minimum wages violates

California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.  Pursuant to
California Labor Code section 1194.2, Plaintiff and class members are entitled to recover
liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### THIRD CAUSE OF ACTION

**Violations of California Labor Code, §§ 226.7, 512(a), 516, and 1198—Meal Period**

**Violations**

**(Against all Defendants)**

60.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each
and every allegation set forth above.

61.     At all relevant times herein set forth, California Labor Code section 512(a)
provides that an employer may not require, cause, or permit an employee to work for a period
of more than five (5) hours per day without providing the employee with a meal period of not
less than thirty (30) minutes, except that if the total work period per day of the employee is
not more than six (6) hours, the meal period may be waived by mutual consent of both the
employer and the employee.  Under California law, first meal periods must start after no more
than five hours.  *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (Cal.
2012).

62.     At all relevant times herein set forth, California Labor Code sections 226.7,
512(a), 516, and 1198 provide that no employer shall require an employee to work during any
meal period mandated by an applicable order of the IWC.

63.     At all relevant times herein set forth, Labor Code sections 226.7 and 512(a) and
the applicable IWC Wage Order also require employers to provide a second meal period of
not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an
employee one (1) additional hour of pay at the employee's regular rate, except that if the total
hours worked is no more than twelve (12) hours, the second meal period may be waived by
mutual consent of the employer and the employee only if the first meal period was not waived.

64.     During the relevant time period, Defendants had, and continue to have, a
company-wide policy and/or practice of understaffing locations due to labor budgeting, which

resulted in a lack of meal period coverage and prevented Plaintiff and class members from taking all timely, uninterrupted meal periods to which they were entitled. In conjunction with understaffing their stores, as stated above, Defendants had a requirement that a managerial employee be present on the store premises at all times, but Defendants' labor budgets did not always allow for more than one manager to be on the schedule at all times. As a result, Plaintiff and other managerial employees were sometimes the only managers on duty, and would have their meal periods interrupted or would work through them in order to assist their coworkers and customers. Moreover, as stated previously, Defendants had a company-wide policy and/or practice of requiring that Plaintiff and class members respond to text messages and calls from supervisors and management on their personal cellular phones, even during unpaid meal periods. Consequently, Plaintiff and class members suffered missed and/or interrupted meal periods, work for which they were not paid.

65. As also stated above, Defendants had a company-wide practice of failing to adhere to a schedule of meal periods, which further caused Plaintiff and class members to not be relieved of their duties for compliant meal periods. Furthermore, on information and belief, because Defendants frowned upon employees accruing meal period penalties, Defendants' management would adjust Plaintiff's and class members' time records and/or pressured employees to clock out for meal periods to reflect compliant meal periods, regardless of whether they had received a compliant meal period or not, in order to strictly limit meal penalties that would need to be paid by Defendants.

66. Defendants' practice of labor budgeting, resultant understaffing, and lack of adequate meal period coverage prevented Plaintiff and class members from taking all compliant meal periods to which they were entitled. As a result, Plaintiff and class members would be forced to work in excess of five (5) hours before taking a meal period and, at times, had their meal periods interrupted and/or had to forgo their meal periods altogether. For example, Plaintiff had to wait five (5) hours or more into her shifts to take a meal period, due to a lack of coverage resulting from understaffing and being the only managerial employee scheduled to work. As a further example, when Plaintiff was able to take meal periods, she

1   was unable to leave the premises, and other employees interrupted her meal periods to ask
2   questions regarding work-related issues.

3       67.    Additionally, Defendants did not provide Plaintiff and class members with
4   second 30-minute meal periods on days that they worked in excess of ten (10) hours in one
5   day.  During her employment, Plaintiff worked a shift in excess of ten (10) or more hours per
6   day, but was not provided a second 30-minute meal period.  Plaintiff and class members did
7   not sign valid meal period waivers on days that they were entitled to meal periods and were
8   not relieved of all duties.

9       68.    At all times herein mentioned, Defendants knew or should have known that, as
10  a result of these policies, Plaintiff and class members were prevented from being relieved of
11  all duties and required to perform some of their assigned duties during meal periods.
12  Defendants further knew or should have known that Defendants did not pay Plaintiff and class
13  members meal period premium wages when meal periods were late, interrupted, shortened, or
14  missed.

15      69.    Moreover, Defendants engaged in a company-wide practice and/or policy of
16  not paying all meal period premiums owed when compliant meal periods are not provided.
17  Because of Defendants' practices and/or policies, Plaintiff and class members have not
18  received premium pay for all missed, late, and interrupted meal periods.  Alternatively, to the
19  extent that Defendants did pay Plaintiff and class members premium pay for missed, late, and
20  interrupted meal periods, Defendants did not pay Plaintiff and class members at the correct
21  rate of pay for premium wages because Defendants systematically failed to include all forms
22  of compensation, such as incentive pay, nondiscretionary bonuses, and/or other forms of
23  remuneration, in the regular rate of pay.  As a result, Defendants failed to provide Plaintiff and
24  class members compliant meal periods in violation of California Labor Code sections 226.7,
25  512, and 516 and failed to pay the full meal period premiums due.

26      70.    Defendants' conduct violates the applicable IWC Wage Order, and California
27  Labor Code sections 226.7, 512(a), 516, and 1198.  Plaintiff and class members are therefore
28  entitled to recover from Defendants one (1) additional hour of pay at the employee's regular

rate of compensation for each work day that the meal period was not provided.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code §§ 226.7, 516, and 1198—Rest Period Violations

### (Against all Defendants)

71.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

72.    At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198 were applicable to Plaintiff and class members' employment by Defendants.

73.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

74.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.  To comply with its obligation to authorize and permit rest periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties — including the obligation that an employee remain on call.  A rest period, in short, must be a period of rest." *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 269-270 (2016).  Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at their regular rates of pay for each work day that a required rest period was not authorized and permitted.

75.    During the relevant time period, Defendants regularly failed to authorize and permit Plaintiff and class members to take a ten (10) minute rest period per each four (4) hour

period worked or major fraction thereof.  As with meal periods, Defendants' company-wide practices, including assigning heavy workloads and understaffing, prevented Plaintiff and class members from being relieved of all duty to take their rest periods.  Additionally, Defendants failed to schedule rest periods, which, coupled with Defendants' failure to provide adequate rest period coverage, further led to Plaintiff and class members not being authorized and permitted to take compliant rest periods.  Moreover, Plaintiff and class members were expected to respond to their personal cellular phones at all times, including during rest periods.

76.     Furthermore, upon information and belief, as stated, Defendants prohibited Plaintiff and class members from leaving the premises during their rest periods if they were the only managers/supervisors on schedule.  Because Plaintiff and class members were restricted from leaving the premises during rest periods, they were denied the ability to use their rest periods freely for their own purposes. Thus, Defendants effectively maintained control over Plaintiff and class members during rest periods.

77.     As a result of Defendants' practices and policies, Plaintiff and class members worked shifts in excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without receiving all uninterrupted 10-minute rest periods to which they were entitled.  For example, during her employment, Plaintiff missed her rest periods due to understaffing and the lack of coverage for rest periods.

78.     Defendants have also engaged in a systematic, company-wide practice and/or policy of not paying rest period premiums owed when rest periods are not authorized and permitted.  Alternatively, to the extent that Defendants did pay Plaintiff and class members one (1) additional hour of premium pay for missed rest periods, Defendants did not pay Plaintiff and class members at the correct rate of pay for premium wages because Defendants failed to include all forms of compensation, such as incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay.  As a result, Defendants denied Plaintiff and class members rest periods and failed to pay them rest period premium wages due, in violation of Labor Code section 226.7, 516, and the applicable IWC Wage Order.

79.     Defendants' conduct violates the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198. Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period was not authorized and permitted.

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226(a), 1174(d), and 1198—Non-Compliant Wage Statements and Failure to Maintain Accurate Payroll Records**

**(Against all Defendants)**

80.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

81.     At all relevant times herein set forth, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate and complete itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, the inclusive dates of the pay period, total hours worked, and all applicable rates of pay.

82.     At all relevant times, Defendants have knowingly and intentionally provided Plaintiff and Subclass members with uniform, incomplete, and inaccurate wage statements. For example, Defendants issued uniform wage statements to Plaintiff and Subclass members that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period, including overtime rates of pay, and the corresponding number of hours worked at each hourly rate. Specifically, Defendants violated sections 226(a)(1), 226(a)(2), 226(a)(5), and 226(a)(9).

83.     First, because Defendants did not record the time Plaintiff and Subclass members spent working off the clock and deducted time from Plaintiff's and Subclass members' records for meal periods that were interrupted and/or missed (and therefore time for which they should have been paid), Defendants did not list the correct amount of gross wages and net wages earned by Plaintiff and Subclass members in compliance with section 226(a)(1)

1 │ and 226(a)(5).  For the same reason, Defendants failed to accurately list the total number of

2 │ hours worked by Plaintiff and Subclass members in violation of section 226(a)(2), and failed

3 │ to list the applicable hourly rates of pay in effect during the pay period and corresponding

4 │ accurate number of work hours worked at each hourly rate in violation of section 226(a)(9).

5 │      84.    Second, because Defendants did not calculate Plaintiff's and Subclass

6 │ members' regular rate of pay correctly for purposes of paying overtime, Defendants did not

7 │ list the correct amount of gross wages earned by Plaintiff and Subclass members in

8 │ compliance with section 226(a)(1).  For the same reason, Defendants failed to list the correct

9 │ amount of net wages earned by Plaintiff and Subclass members in violation of section

10 │ 226(a)(5).  Defendants also failed to correctly list all applicable hourly rates in effect during

11 │ the pay period, namely, correct overtime rates of pay and correct rates of pay for premium

12 │ wages, in violation of section 226(a)(9).

13 │      85.    The wage statement deficiencies also include, without limitation, failing to list

14 │ the number of piece-rate units earned and any applicable piece rate if the employee is paid on

15 │ a piece-rate basis; failing to list all deductions; failing to list the name of the employee and

16 │ only the last four digits of his or her social security number or an employee identification

17 │ number other than a social security number; failing to list the name and address of the legal

18 │ entity that is the employer; failing to list the inclusive dates of the period for which class

19 │ members were paid; and/or failing to state all hours worked as a result of not recording or

20 │ stating hours worked off-the-clock.

21 │      86.    California Labor Code section 1198 provides that the maximum hours of work

22 │ and the standard conditions of labor shall be those fixed by the Labor Commissioner and as

23 │ set forth in the applicable IWC Wage Orders.  Section 1198 further provides that "[t]he

24 │ employment of any employees for longer hours than those fixed by the order or under

25 │ conditions of labor prohibited by the order is unlawful."  Pursuant to the applicable IWC

26 │ Wage Order, employers are required to keep accurate time records showing when the

27 │ employee begins and ends each work period and meal period.  During the relevant time

28 │ period, Defendants failed, on a company-wide basis, to keep accurate records of work period

1    and meal period start and stop times for Plaintiff and class members, in violation of section
2    1198.  As stated, Defendants engaged in a company-wide practice and/or policy of falsifying
3    Plaintiff's and Subclass members' time records by automatically deducting meal periods or
4    recording that compliant meal periods were taken regardless of if or when meal periods were
5    actually taken, and thereby failed to keep accurate records of meal start and end times for
6    Plaintiff and Subclass members.  Furthermore, in light of Defendants' failure to provide
7    Plaintiff and Subclass members with second 30-minute meal periods to which they were
8    entitled, Defendants kept no records of meal start and end times for second meal periods.

9        87.    California Labor Code section 1174(d) provides that "[e]very person employing
10    labor in this state shall ... [k]eep a record showing the names and addresses of all employees
11    employed and the ages of all minors" and "[k]eep, at a central location in the state or at the
12    plants or establishments at which employees are employed, payroll records showing the hours
13    worked daily by and the wages paid to, and the number of piece-rate units earned by and any
14    applicable piece rate paid to, employees employed at the respective plants or establishments . .
15    . ."  At all relevant times, and in violation of Labor Code section 1174(d), Defendants
16    willfully failed to maintain accurate payroll records for Plaintiff and Subclass members
17    showing the daily hours they worked and the wages paid thereto as a result of failing to record
18    the off-the-clock hours that they worked.

19        88.    Plaintiff and Subclass members are entitled to recover from Defendants the
20    greater of their actual damages caused by Defendants' failure to comply with California Labor
21    Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per
22    employee.

23                          **SIXTH CAUSE OF ACTION**
24    **Violation of California Labor Code §§ 201 and 202—Wages Not Timely Paid**
25                              **Upon Termination**
26                          **(Against all Defendants)**
27        89.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each
28    and every allegation set forth above.

90.     This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, and/or meal and rest period premium wages that were not timely paid to Plaintiff and those class members no longer employed by Defendants upon their termination.

91.     At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

92.     On information and belief, Defendants had a company-wide practice or policy of paying departing employees their final wages on the next regular pay cycle, instead of adhering to the time requirements set forth in Labor Code sections 201 and 202.  For example, Plaintiff was terminated on or about January 17, 2020.  However, Defendants did not provide Plaintiff with her final paycheck for some of her last days worked until approximately one week later.  Thus, Defendants failed to pay Plaintiff her final wages immediately, in violation of Labor Code section 201.

93.     Additionally, Defendants willfully failed to pay Plaintiff and class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and/or meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

94.     Defendants' failure to pay Plaintiff and class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201 and 202.  Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a

1 | thirty (30) day maximum pursuant to California Labor Code section 203.

**SEVENTH CAUSE OF ACTION**

**Violation of California Labor Code § 204—Failure to Timely Pay Wages During**

**Employment**

**(Against all Defendants)**

95.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

96.    This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, and/or meal and rest period premium wages, that were not timely paid to Plaintiff and those class members by Defendants during their employment.

97.    At all times relevant herein set forth, Labor Code section 204 provides that all wages earned by any person in any employment between the first (1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor was performed.

98.    At all times relevant herein, Labor Code section 204 provides that all wages earned by any person in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first (1st) and the tenth (10th) day of the following month.

99.    At all times relevant herein, Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  Alternatively, at all times relevant herein, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

100.    During the relevant time period, Defendants willfully failed to pay Plaintiff and class members all wages due including, but not limited to, overtime wages, minimum wages,

1  and meal and rest period premium wages, within the time periods specified by California

2  Labor Code section 204.

3       101.    Defendants' failure to pay Plaintiff and class members all wages due violates

4  Labor Code section 204.  Plaintiff and class members are therefore entitled to recover from

5  Defendants the statutory penalty wages pursuant to California Labor Code section 210.

6                              **EIGHTH CAUSE OF ACTION**

7   **Violation of California Labor Code § 2802—Unpaid Business-Related Expenses**

8                              **(Against all Defendants)**

9       102.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

10  and every allegation set forth above.

11      103.    At all times herein set forth, California Labor Code section 2802 provides that

12  an employer must reimburse employees for all necessary expenditures and losses incurred by

13  the employee in the performance of his or her job.  The purpose of Labor Code section 2802 is

14  to prevent employers from passing off their cost of doing business and operating expenses on

15  to their employees.  *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144

16  (2014).  The applicable wage order, IWC Wage Order 7-2001, provides that: "[w]hen tools or

17  equipment are required by the employer or are necessary to the performance of a job, such

18  tools and equipment shall be provided and maintained by the employer, except that an

19  employee whose wages are at least two (2) times the minimum wage provided herein may be

20  required to provide and maintain hand tools and equipment customarily required by the trade

21  or craft."

22      104.    During the relevant time period, Defendants had a company-wide policy of

23  requiring Plaintiff and class members to utilize their own personal cellular phones and cellular

24  data to carry out their job duties, but Defendants failed to reimburse them for the costs of their

25  work-related cellular phone expenses.  Plaintiff and class members were required to use their

26  personal cellular phones to complete their work-related tasks, such as discussing requests from

27  management and work assignments.  Plaintiff would spend approximately one (1) hour per

28  week texting or speaking with her supervisors.  Although Defendants required Plaintiff and

class members to utilize their personal cellular phones to carry out their work-related responsibilities, Defendants failed to fully reimburse them for this cost.

105.    Additionally, during the relevant time period, Defendants had a company-wide policy requiring Plaintiff and class members to wear approximately $150.00 worth of Defendants' merchandise as a "uniform" while working and thus incur expenses in doing so. Plaintiff and class members were required to purchase uniform items, including jewelry, purses, and other accessories, directly from Defendants and were not reimbursed for this cost.

106.    Defendants could have provided Plaintiff and class members with the actual tools for use on the job, such as company phones to be used for fulfilling work-related tasks and uniform items, or Defendants could have reimbursed employees for the costs of their cellular phone and uniform expenses.  Instead, Defendants passed these operating costs off onto Plaintiff and class members.  At all relevant times, Plaintiff did not earn at least two (2) times the minimum wage.

107.    Defendants' company-wide policy and/or practice of passing on their operating costs to Plaintiff and class members violates California Labor Code section 2802.  Defendants have intentionally and willfully failed to reimburse Plaintiff and other class members for necessary business-related expenses and costs.

108.    Plaintiff and class members are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest.

**NINTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unlawful Business Practices**

**(Against all Defendants)**

109.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

110.    Defendants are "persons" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies,

1    and/or associations.

2      111.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

3   unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiff has

4   suffered injury in fact and has lost money as a result of Defendants' unlawful business

5   practices.  Plaintiff seeks to enforce important rights affecting the public interest within the

6   meaning of Code of Civil Procedure section 1021.5.

7      112.   Defendants' activities, as alleged herein, are violations of California law, and

8   constitute unlawful business acts and practices in violation of California Business &

9   Professions Code sections 17200, *et seq.*

10     113.   A violation of California Business & Professions Code sections 17200, *et seq.*

11   may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

12   policies and practices have violated state law in at least the following respects:

13             (a)    Requiring non-exempt, hourly paid employees, including Plaintiff and

14                       class members, to work overtime without paying them proper

15                       compensation in violation of California Labor Code sections 510 and

16                       1198 and the applicable IWC Order, and paying Plaintiff and class

17                       members overtime at a lower rate than required by law by failing to

18                       properly calculate the regular rate of pay for purposes of overtime, as

19                       alleged herein;

20             (b)    Failing to pay at least minimum wage to Plaintiff and class members in

21                       violation of California Labor Code sections 1182.12, 1194, 1197,

22                       1197.1, and 1198 and the applicable IWC Order, as alleged herein;

23             (c)    Failing to provide uninterrupted meal periods to Plaintiff and class

24                       members in violation of California Labor Code sections 226.7, 512(a),

25                       516, 1198, and the applicable IWC Order, as alleged herein;

26             (d)    Failing to authorize and permit Plaintiff and class members to take

27                       uninterrupted rest periods in violation of California Labor Code sections

28                       226.7, 516, 1198, and the applicable IWC Order, as alleged herein;

CLASS ACTION COMPLAINT

(e)  Failing to provide Plaintiff and class members with accurate wage statements and failing to maintain accurate payroll records in violation of California Labor Code sections 226(a), 1174(d), 1198, and the applicable IWC Order, as alleged herein;

(f)  Failing timely to pay all earned wages to Plaintiff and class members in violation of California Labor Code section 204 and the applicable IWC Order, as alleged herein;

(g)  Compelling and/or coercing Plaintiff and class members to patronize Defendants' business in violation of California Labor Code section 450, as set forth below;

(h)  Failing to reimburse Plaintiff and class members for all business expenses necessarily incurred in violation of California Labor Code sections 2802, as alleged herein; and

(i)  Failing to provide written notice of information material to Plaintiff's and class members' employment with Defendants in violation of Labor Code section 2810.5(a)(1)(A)-(C), as set forth below.

114.  At all relevant times herein, California Labor Code section 450 provides that an employer may not "compel or coerce any employee, or applicant for employment, to patronize his or her employer, or any other person, in the purchase of anything of value." An employer violates section 450 by forcing an employee to patronize the employer's business in the purchase of a company-provided good.

115.  During the relevant time period, Defendants had a company-wide policy of requiring all employees to purchase uniform items, such as jewelry, purses, and other accessories, directly from Defendants' stores. During her employment, Plaintiff was required to purchase multiple accessory items from Defendants in order to wear as a "uniform" during her shifts.

116.  Defendants' conduct of compelling and/or coercing Plaintiff and class members to purchase goods from them violates California Labor Code section 450.

CLASS ACTION COMPLAINT

117.   At all relevant times herein, California's Wage Theft Prevention Act was enacted to ensure that employers provide employees with basic information material to their employment relationship at the time of hiring, and to ensure that employees are given written and timely notice of any changes to basic information material to their employment.  Codified at California Labor Code section 2810.5, the Wage Theft Prevention Act provides that at the time of hiring, an employer must provide written notice to employees containing basic and material payroll information, including, among other things, the rate(s) of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, the regular payday designated by the employer, and any allowances claims as part of the minimum wage, including meal or lodging allowances.  Labor Code § 2810.5(a)(1)(A)-(C).

118.   At all relevant times, on information and belief, Defendants failed, on a company-wide basis, to provide written notice to Plaintiff and class members that lists the requisite information set forth in Labor Code section 2810.5(a)(1)(A)-(C).  Defendants' failure to provide Plaintiff and class members with written notice of basic information regarding their employment with Defendants is in violation of Labor Code section 2810.5.

119.   As a result of the violations of California law herein described, Defendants unlawfully gained an unfair advantage over other businesses.  Plaintiff and class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

120.   Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

///

///

CLASS ACTION COMPLAINT

**TENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, et seq. –**

**Unfair Business Practices**

**(Against all Defendants)**

121.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

122.    Defendants are "persons" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

123.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiff, class members, and to the general public.  Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unfair business practices.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

124.    Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiff and class members all meal and rest period premium wages due to them under Labor Code section 226.7, deprived Plaintiff and class members of the compensation guarantee and enhanced enforcement implemented by section 226.7.  The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct.  *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015).  The statutory benefits of section 226.7 were guaranteed to Plaintiff and class members as part of their employment with Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200, *et seq.* (Id.)

125.    A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on any unfair business practice.  In the instant case, Defendants' policies and practices have violated the spirit of California's meal and rest break laws and constitute

1    acts against the public policy behind these laws.

2    126.   Pursuant to California Business & Professions Code sections 17200 *et seq.*,

3    Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory

4    benefits implemented by section 226.7 withheld and retained by Defendants during a period

5    that commences four years prior to the filing of this complaint; a permanent injunction

6    requiring Defendants to pay all statutory benefits implemented by section 226.7 due to

7    Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil

8    Procedure section 1021.5 and other applicable laws; and an award of costs.

9                               **REQUEST FOR JURY TRIAL**

10   Plaintiff requests a trial by jury.

11                                **PRAYER FOR RELIEF**

12   Plaintiff, on behalf of all others similarly situated, prays for relief and judgment

13   against Defendants, jointly and severally, as follows:

14   1.   For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in

15   excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs.  Plaintiff

16   reserves the right to amend her prayer for relief to seek a different amount.

17                                  **Class Certification**

18   2.   That this case be certified as a class action;

19   3.   That Plaintiff be appointed as the representative of the Class and Subclass;

20   4.   That counsel for Plaintiff be appointed as class counsel.

21                            **As to the First Cause of Action**

22   5.   That the Court declare, adjudge, and decree that Defendants violated California

23   Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

24   pay all overtime wages due to Plaintiff and class members;

25   6.   For general unpaid wages at overtime wage rates and such general and special

26   damages as may be appropriate;

27   7.   For pre-judgment interest on any unpaid overtime compensation commencing

28   from the date such amounts were due, or as otherwise provided by law;

8.   For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9.   For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

10.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 by willfully failing to pay minimum wages to Plaintiff and class members;

11.   For general unpaid wages and such general and special damages as may be appropriate;

12.   For pre-judgment interest on any unpaid compensation from the date such amounts were due, or as otherwise provided by law;

13.   For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14.   For liquidated damages pursuant to California Labor Code section 1194.2; and

15.   For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

16.   That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7, 512(a), 516, and 1198 and applicable IWC Wage Order(s) by willfully failing to provide all meal periods to Plaintiff and class members;

17.   That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a meal period was not provided;

18.   For all actual, consequential, and incidental losses and damages, according to proof;

19.   For premiums pursuant to California Labor Code section 226.7(b);

20.   For pre-judgment interest on any unpaid meal period premiums from the date

CLASS ACTION COMPLAINT

1  such amounts were due, or as otherwise provided by law;

2      21.    For attorneys' fees pursuant to California Code of Civil Procedure section

3  1021.5, or as otherwise provided by law; and

4      22.    For such other and further relief as the Court may deem equitable and

5  appropriate.

6                        **As to the Fourth Cause of Action**

7      23.    That the Court declare, adjudge and decree that Defendants violated California

8  Labor Code sections 226.7, 516, and 1198 and applicable IWC Wage Orders by willfully

9  failing to authorize and permit Plaintiff and class members to take all rest periods;

10     24.    That the Court make an award to the Plaintiff and class members of one (1) hour

11 of pay at each employee's regular rate of pay for each workday that a rest period was not

12 authorized and permitted;

13     25.    For all actual, consequential, and incidental losses and damages, according to

14 proof;

15     26.    For premiums pursuant to California Labor Code section 226.7(b);

16     27.    For pre-judgment interest on any unpaid rest period premiums from the date

17 such amounts were due, or as otherwise provided by law;

18     28.    For attorneys' fees pursuant to California Code of Civil Procedure section

19 1021.5, or as otherwise provided by law; and

20     29.    For such other and further relief as the Court may deem equitable and

21 appropriate.

22                        **As to the Fifth Cause of Action**

23     30.    That the Court declare, adjudge and decree that Defendants violated the

24 recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage

25 Orders as to Plaintiff and Subclass members, and willfully failed to provide accurate itemized

26 wage statements thereto;

27     31.    For all actual, consequential, and incidental losses and damages, according to

28 proof;

32.   For injunctive relief pursuant to California Labor Code section 226(h);

33.   For statutory penalties pursuant to California Labor Code section 226(e);

34.   For attorneys' fees and costs pursuant to California Labor Code section 226(e)(1); and

35.   For such other and further relief as the Court may deem equitable and appropriate.

**As to the Sixth Cause of Action**

36.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201 and 202 by willfully failing to pay overtime wages, minimum wages, and/or meal and rest period premiums owed at the time of termination of the employment of Plaintiff and other terminated class members;

37.   For all actual, consequential and incidental losses and damages, according to proof;

38.   For waiting time penalties according to proof pursuant to California Labor Code section 203 for all employees who have left Defendants' employ;

39.   For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law;

40.   For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

41.   For such other and further relief as the Court may deem equitable and appropriate.

**As to the Seventh Cause of Action**

42.   That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to timely pay Plaintiff and class members overtime wages, minimum wages, and/or meal and rest period premiums during their employment;

43.   For all actual, consequential and incidental losses and damages, according to proof;

CLASS ACTION COMPLAINT

1        44.    For statutory penalties according to proof pursuant to California Labor Code

2   section 210;

3        45.    For pre-judgment interest on any unpaid wages from the date such amounts

4   were due, or as otherwise provided by law;

5        46.    For attorneys' fees pursuant to California Code of Civil Procedure section

6   1021.5, or as otherwise provided by law; and

7        47.    For such other and further relief as the Court may deem equitable and

8   appropriate.

9                     **As to the Eighth Cause of Action**

10       48.    That the Court declare, adjudge and decree that Defendants violated California

11  Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-

12  related expenses and costs incurred by Plaintiff and class members;

13       49.    For unpaid business-related expenses and such general and special damages as

14  may be appropriate;

15       50.    For pre-judgment interest on any unpaid business-related expenses from the

16  date such amounts were due, or as otherwise provided by law;

17       51.    For all actual, consequential, and incidental losses and damages, according to

18  proof;

19       52.    For attorneys' fees and costs pursuant to California Labor Code

20  section 2802(c), or as otherwise provided by law; and

21       53.    For such other and further relief as the Court may deem equitable and

22  appropriate.

23                    **As to the Ninth Cause of Action**

24       54.    That the Court declare, adjudge and decree that Defendants' conduct of failing

25  to provide Plaintiff and class members all overtime wages due to them, failing to provide

26  Plaintiff and class members all minimum wages due to them, failing to provide Plaintiff and

27  class members all meal periods, failing to authorize and permit Plaintiff and class members to

28  take all rest periods, failing to provide Plaintiff and class members accurate and complete

1   wage statements, failing to maintain accurate payroll records for Plaintiff and class members,

2   failing timely to pay Plaintiff and class members all earned wages during employment,

3   compelling and/or coercing Plaintiff and class members to patronize Defendants' business,

4   failing to reimburse Plaintiff and class members for business-related expenses, and failing to

5   provide written notice of information material to employment, constitutes an unlawful

6   business practice in violation of California Business and Professions Code sections 17200, *et*

7   *seq.*;

8       55.    For restitution of unpaid wages to Plaintiff and all class members and

9   prejudgment interest from the day such amounts were due and payable;

10      56.    For the appointment of a receiver to receive, manage and distribute any and all

11  funds disgorged from Defendants and determined to have been wrongfully acquired by

12  Defendants as a result of violations of California Business & Professions Code sections 17200

13  *et seq.*;

14      57.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

15  California Code of Civil Procedure section 1021.5; and

16      58.    For such other and further relief as the Court may deem equitable and

17  appropriate.

18                          **As to the Tenth Cause of Action**

19      59.    That the Court declare, adjudge and decree that Defendants' conduct of denying

20  Plaintiff and class members the statutory benefits guaranteed under section 226.7 constitutes

21  an unfair business practice in violation of California Business and Professions Code sections

22  17200, *et seq.*;

23      60.    For restitution of the statutory benefits under section 226.7 unfairly withheld

24  from Plaintiff and class members and prejudgment interest from the day such amounts were

25  due and payable;

26      61.    For the appointment of a receiver to receive, manage and distribute any and all

27  funds disgorged from Defendants and determined to have been wrongfully acquired by

28  Defendants as a result of violations of California Business & Professions Code sections 17200

*et seq.*;

62.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

63.     For pre-judgment and post-judgment interest as provided by law; and

64.     For such other and further relief as the Court may deem equitable and appropriate.


Dated: April 21, 2020                              Respectfully submitted,

                                                   Capstone Law APC


                                        By:        _____
                                                   Bevin Allen Pike
                                                   Orlando Villalba
                                                   Joseph Hakakian

                                                   Attorneys for Plaintiff Sherice Duncan

| SHORT TITLE: Duncan vs. Claire's Boutiques | CASE NUMBER 20STCV15355 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases — unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

(Left margin label: Other Personal Injury/Property Damage/Wrongful Death Tort)

(Right margin: BY FAX)

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Duncan vs. Claire's Boutiques | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | ① 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Duncan vs. Claire's Boutiques | | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Duncan vs. Claire's Boutiques | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___April 21, 2020___

_Ben Ah Pike_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/21/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ I. Lovo _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV15355 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | William F. Highberger | 10 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/22/2020
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By I. Lovo _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

<u>**INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES**</u>

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

<u>**APPLICATION**</u>
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

<u>**PRIORITY OVER OTHER RULES**</u>
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

<u>**CHALLENGE TO ASSIGNED JUDGE**</u>
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

<u>**TIME STANDARDS**</u>
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

<u>**COMPLAINTS**</u>
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

<u>**CROSS-COMPLAINTS**</u>
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

<u>**STATUS CONFERENCE**</u>
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

<u>**FINAL STATUS CONFERENCE**</u>
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

<u>**SANCTIONS**</u>
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

<u>**Class Actions**</u>
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

<u>***Provisionally Complex Cases**</u>
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# EXHIBIT B

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**20STCV15355**
**SHERICE DUNCAN vs CLAIRE'S BOUTIQUES, INC.**

May 7, 2020
3:36 PM

Judge: Honorable William F. Highberger
Judicial Assistant: M. Mata
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

**APPEARANCES:**

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances


**NATURE OF PROCEEDINGS:** Court Order

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 08/27/2020 at 11:00 AM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**20STCV15355**
**SHERICE DUNCAN vs CLAIRE'S BOUTIQUES, INC.**

May 7, 2020
3:36 PM

Judge: Honorable William F. Highberger
Judicial Assistant: M. Mata
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/07/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Mata _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Sherice Duncan | |
| DEFENDANT/RESPONDENT:<br>Claire's Boutiques, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV15355 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order) of 05/07/2020 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Bevin Allen Pike
Capstone Law APC
1875 Century Park E Ste 1000
Los Angeles, CA  90067

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 05/7/2020

By: __M. Mata_____
Deputy Clerk

**CERTIFICATE OF MAILING**